## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANEEAH TROUTMAN | : | |
| 505 Hopkins Ct. | : | |
| Holland, PA 18966 | : | CIVIL ACTION |
| | : | |
| Claimant, | : | |
| | : | No.: _____ |
| v. | : | |
| | : | |
| STATE FARM FIRE AND | : | |
| CASUALTY COMPANY | : | |
| 1 State Farm Plz., Ste. A-3 | : | |
| Bloomington, IL 61710 | : | **JURY TRIAL DEMANDED** |
| | : | |
| Defendant. | : | |
| | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Shaneeah Troutman, by and through her undersigned counsel, hereby avers as follows:

### I.        INTRODUCTION

1.        Plaintiff has initiated this action to redress violations by State Farm Fire and Casualty Company (hereinafter "Defendant") of the American's with Disabilities Act ("ADA" – 42 U.S.C. §§ 12101 *et. seq.*) and the Pennsylvania Human Relations Commission ("PHRA").[1] Plaintiff was unlawfully terminated by Defendant, and she suffered damages more fully described/sought herein.

---

[1] Plaintiff will seek leave to amend the instant lawsuit to add claims under the Pennsylvania Human Relations Act ("PHRA") once properly administratively exhausted. Plaintiff is however required to initiate this lawsuit pursuant to a right-to-sue letter prior to such PHRA exhaustion. Plaintiff's PHRA claims will mirror identically her ADA claims, and they are analyzed identically in the Third Circuit as well.

## II.    JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because

        a) Defendant conducts business in this judicial district;

        b) Plaintiff solely worked for Defendant in Pennsylvania from her residence (listed in the above-captioned address);

        c) Plaintiff also (at times) had obligations relative to the nearest location to her of Respondent in Collegeville, Pennsylvania; and

        d) Plaintiff was in all respects a Pennsylvania employee of Respondent.

Based on the foregoing, albeit Plaintiff underwent training in Illinois and the company is headquartered in Illinois, a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.      Plaintiff is proceeding herein under the ADA and has properly exhausted her administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

### III.     PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8.      Defendant is a large insurance company with multiple locations and divisions throughout the United States and is headquartered in Bloomington, Illinois.

9.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

### IV.     FACTUAL BACKGROUND

10.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.      Plaintiff was hired by Defendant on or about October 14, 2019 as a Claims Specialist.

12.      Although Plaintiff trained for approximately one week within Defendant's Illinois headquarters, she solely worked in Pennsylvania from her residence.

13.      Plaintiff also (at times) had obligations relative to the nearest location to her of Defendant in Collegeville, Pennsylvania.

14.      Throughout her employment with Defendant, Plaintiff was supervised by Gerry Brannigan, Team Manager (hereinafter "Brannigan").

15.      During Plaintiff's employment, there were approximately seven (7) people who reported to Brannigan (including Plaintiff).

16.      While employed with Defendant, Plaintiff was a dedicated and hard-working

employee who did not have a history of progressive discipline.

17.    Plaintiff has and continues to suffer from disabilities, including but not limited to Anxiety and Depression.

18.    As a result of Plaintiff's aforesaid health conditions, she is (at times) limited in her ability to perform some daily life activities, including but not limited to working, engaging in social interaction, sleeping, and focusing.

19.    Despite her aforesaid health conditions and limitations, Plaintiff was still able to perform the duties of her job well with Defendant; however, Plaintiff did require a reasonable accommodation towards the end of her employment – discussed further *infra*.

20.    In or about May of 2020, Plaintiff requested a brief medical leave of absence to care for and treat for her aforesaid disabilities.

21.    Plaintiff's last day of physical work prior to commencing medical leave (discussed *supra*) was on or about May 15, 2020.

22.    Plaintiff had shared with Brannigan and other applicable contacts (such as Cigna – Defendant's third-party administrator for disability benefits) that she anticipated being on medical leave through the end of June, 2020.

23.    Approximately five (5) weeks into Plaintiff's medical leave, she unexpectedly received a termination letter, dated on or about June 22, 2020.

24.    In the aforesaid termination letter, Defendant asserted that Plaintiff was terminated for: (a) not returning to work by June 12, 2020; and (b) not updating Brannigan about her medical leave pursuant to an overnight letter that he had allegedly sent to Plaintiff.

25.    In trying to follow up with Defendant's Human Resources Department after receiving the aforementioned termination letter, Plaintiff was even told there was *no record* of an

overnight letter to being sent to her from Defendant.

26.    Furthermore, despite apprising Brannigan that she anticipated being on medical leave through the end of June 2020, Plaintiff was never informed by him or anyone else that if she did not return by June 12, 2020 that she would be terminated from her employment.

27.    Plaintiff was also never provided with any interactive process to determine if Defendant could have accommodated her medical leave past June 12, 2020.

28.    The justification for Plaintiff's termination by using "June 12, 2020" as a deadline to return was completely arbitrary and manufactured solely to try and justify her unlawful termination.

29.    Had Defendant engaged in the interactive process or informed Plaintiff that she would be terminated as of June 12, 2020 if she did not return, she may have sought earlier clearance to return to work.

30.    In fact, Plaintiff only needed an approximate 6-week medical leave (a reasonable accommodation under the ADA), as she was medically cleared to work without any restrictions as of the first week of July, 2020.

31.    Based on the foregoing, Plaintiff believes and therefore avers that she was terminated in violation of the ADA.

**First Cause of Action**
**Violations of the Americans with Disabilities Act, as amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; [3] Failure to Accommodate)**

32.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

33.    Plaintiff suffered from qualifying health conditions under the ADA (as amended), which (at times) affected her ability to perform some daily life activities – discussed *supra*.

34.     Plaintiff requested reasonable accommodations from Defendant, including but not limited to medical leave.

35.     While still on a medical leave of absence, Plaintiff was terminated from her employment with Defendant for completely arbitrary and discriminatory reasons.

36.     Plaintiff believes and therefore avers that she was terminated from her employment because of: (1) her known and/or perceived disabilities; (2) her record of impairment; (3) her requested accommodations; and/or (4) Defendant's refusal to engage in the interactive process with Plaintiff and accommodate her.

37.     These actions as aforesaid constitute violations of the ADA, as amended.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B.     Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.     Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

E.      Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:
Ari R. Karpf, Esq.
3331 Street Rd.
Bldg. 2, Ste. 128
Bensalem, PA 19020

Date: November 25, 2020

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Shaneeah Troutman | : | CIVIL ACTION |
| v. | : | |
| State Farm Fire and Casualty Company | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.          ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X )

| | | |
|---|---|---|
| 11/25/2020 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___505 Hopkins Court, Holland, PA 18966___

Address of Defendant: __1 State Farm Plz., Ste. A-3, Bloomington, IL 61710__

Place of Accident, Incident or Transaction: __Defendant's place of business__

---

***RELATED CASE, IF ANY:***

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☒ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☒ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☒ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☒ |

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __11/25/2020__     _____     ___ARK2484 / 91538___
              *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**  *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
       *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
       *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf_____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☒ Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: __11/25/2020__     _____     ___ARK2484 / 91538___
              *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| TROUTMAN, SHANEEAH | STATE FARM FIRE AND CASUALTY COMPANY |

**(b)**  County of Residence of First Listed Plaintiff    **Bucks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    **Monroe**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| 1   U.S. Government Plaintiff | X 3   Federal Question *(U.S. Government Not a Party)* |
| 2   U.S. Government Defendant | 4   Diversity *(Indicate Citizenship of Parties in Item III)* |

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                        *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment<br>& Enforcement of Judgment<br>151 Medicare Act<br>152 Recovery of Defaulted<br>Student Loans<br>(Excludes Veterans)<br>153 Recovery of Overpayment<br>of Veteran's Benefits<br>160 Stockholders' Suits<br>190 Other Contract<br>195 Contract Product Liability<br>196 Franchise | **PERSONAL INJURY**<br>310 Airplane<br>315 Airplane Product<br>Liability<br>320 Assault, Libel &<br>Slander<br>330 Federal Employers'<br>Liability<br>340 Marine<br>345 Marine Product<br>Liability<br>350 Motor Vehicle<br>355 Motor Vehicle<br>Product Liability<br>360 Other Personal<br>Injury<br>362 Personal Injury -<br>Medical Malpractice | **PERSONAL INJURY**<br>365 Personal Injury -<br>Product Liability<br>367 Health Care/<br>Pharmaceutical<br>Personal Injury<br>Product Liability<br>368 Asbestos Personal<br>Injury Product<br>Liability<br>**PERSONAL PROPERTY**<br>370 Other Fraud<br>371 Truth in Lending<br>380 Other Personal<br>Property Damage<br>385 Property Damage<br>Product Liability | 625 Drug Related Seizure<br>of Property 21 USC 881<br>690 Other | 422 Appeal 28 USC 158<br>423 Withdrawal<br>28 USC 157<br>**PROPERTY RIGHTS**<br>820 Copyrights<br>830 Patent<br>835 Patent - Abbreviated<br>New Drug Application<br>840 Trademark<br>**SOCIAL SECURITY**<br>861 HIA (1395ff)<br>862 Black Lung (923)<br>863 DIWC/DIWW (405(g))<br>864 SSID Title XVI<br>865 RSI (405(g)) | 375 False Claims Act<br>376 Qui Tam (31 USC<br>3729(a))<br>400 State Reapportionment<br>410 Antitrust<br>430 Banks and Banking<br>450 Commerce<br>460 Deportation<br>470 Racketeer Influenced and<br>Corrupt Organizations<br>480 Consumer Credit<br>490 Cable/Sat TV<br>850 Securities/Commodities/<br>Exchange<br>890 Other Statutory Actions<br>891 Agricultural Acts<br>893 Environmental Matters<br>895 Freedom of Information<br>Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>710 Fair Labor Standards<br>Act<br>720 Labor/Management<br>Relations<br>740 Railway Labor Act<br>751 Family and Medical<br>Leave Act<br>790 Other Labor Litigation<br>791 Employee Retirement<br>Income Security Act | **FEDERAL TAX SUITS**<br>870 Taxes (U.S. Plaintiff<br>or Defendant)<br>871 IRS—Third Party<br>26 USC 7609 | 896 Arbitration<br>899 Administrative Procedure<br>Act/Review or Appeal of<br>Agency Decision<br>950 Constitutionality of<br>State Statutes |
| 210 Land Condemnation<br>220 Foreclosure<br>230 Rent Lease & Ejectment<br>240 Torts to Land<br>245 Tort Product Liability<br>290 All Other Real Property | 440 Other Civil Rights<br>441 Voting<br>442 Employment<br>443 Housing/<br>Accommodations<br>X 445 Amer. w/Disabilities -<br>Employment<br>446 Amer. w/Disabilities -<br>Other<br>448 Education | **Habeas Corpus:**<br>463 Alien Detainee<br>510 Motions to Vacate<br>Sentence<br>530 General<br>535 Death Penalty<br>**Other:**<br>540 Mandamus & Other<br>550 Civil Rights<br>555 Prison Condition<br>560 Civil Detainee -<br>Conditions of<br>Confinement | **IMMIGRATION**<br>462 Naturalization Application<br>465 Other Immigration<br>Actions | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| X 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from Another District *(specify)* | 6 Multidistrict Litigation - Transfer | 8 Multidistrict Litigation - Direct File |

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)

Brief description of cause:
Violations of the ADA and PA Human Relations Act.

## VII.  REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   X Yes    No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE   **11/25/2020**

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

| Print | Save As... | Reset |
|---|---|---|